IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT O. SPENCER**<br>68 North Savanna Drive<br>Pottstown, PA 19465<br><br>*Plaintiff,*<br><br>vs.<br><br>**POTTSTOWN SCHOOL DISTRICT**<br>230 Beech Street<br>Pottstown, PA 19464<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files this Complaint against each Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against each Defendant for unlawful violations of Title VII of the Civil Rights Act ("Title VII") and other applicable law.

### PARTIES

2. Plaintiff, Robert O. Spencer ("Plaintiff") is an adult individual currently residing at the above-captioned address.

3. Defendant, Pottstown School District ("Defendant") is a public school district organized pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at the above-captioned address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant is a state actor.

7. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII and the PHRA.

15. Plaintiff filed a written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission alleging discrimination on or about March 6, 2016 (530-2016-01805).

16. Plaintiff's complaint was cross-filed with the Pennsylvania Human Relations Commission.

17. The instant action is timely because it is initiated within ninety ("90") days after the receipt of a Right to Sue letter from the EEOC mailed on or about August 12, 2016.

18. Plaintiff has exhausted his administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

19.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20.   Plaintiff is an African-American male.

21.   At the time of his EEO charge, Plaintiff was employed as a Network Administrator and Help Desk Manager.

22.   On or about December 17, 2015, Plaintiff applied for the position of Director of Technology.

23.   Plaintiff was informed by the Director of Human Resources, Stephen Rodriguez, that the Defendant was looking for a candidate with "more qualifications and experience."

24.   After informing Rodriguez of his multiple degrees, technological background and relevant experience, Plaintiff was given an interview on February 1, 2016.

25.   During the first interview, Plaintiff was asked a few questions specific to the job and was allowed to reply only with a "yes" or "no."

26.   Plaintiff was then subjected to questions that were not job related.

27.   Plaintiff was given a second interview on February 18, 2016 with the same types of questions.

28.   Defendant again would only allow Plaintiff to answer "yes" or "no" to questions such as "Do you know about computers?" and "Do you know about e-mail?".

29.   Plaintiff was then asked questions such as "what would you do if a teacher had raped a student?" and "what would you do if you found out a teacher was involved in child pornography?"

30. Rodriguez also informed Plaintiff that the position had been changed to "Director of Technology and Communications" indicating that he may not be qualified for the job.

31. Upon information and belief, the position was never changed.

32. Plaintiff was denied a promotion despite his superior qualifications, recommendations and experience.

33. Defendant purposefully used interview questions tailored to hire Rich Hug, a less qualified Caucasian male.

## COUNT I
### Title VII Violations

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. At all times relevant herein, the Plaintiff was subjected to discriminatory actions by her supervisor by virtue of his race.

36. As a direct and proximate result of these violations, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT II
### 42 U.S.C. § 1981 Race Discrimination

37. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

38. At all times relevant herein, Plaintiff maintained a contractual relationship with the Defendant (*i.e.*: an employment relationship).

39. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of his race and thereby deny him the benefits of the contractual relationship he had entered with Defendant.

40. Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

## COUNT III
### Pennsylvania Human Relations Act ("PHRA")

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. The Defendant also violated the PHRA by its discriminatory actions against Plaintiff.

43. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT IV
### Equal Protection Violation 42 U.S.C. § 1983

44. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

45. The Fourteenth Amendment to the United States Constitution protects persons from being subjected to discrimination, by persons acting under color of state law, on the basis of a protected class.

46. At all times relevant herein, the Defendant intentionally discriminated against Plaintiff on the basis of his race and this was a determinative factor in Defendant's decision to take adverse employment actions against him and/or create a hostile-work environment.

47. At all times relevant herein, the Defendant had an illegal municipal policy or custom.

48. At all times relevant herein, Plaintiff was subjected to purposeful discrimination on account of his race.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from engaging in discrimination against the Plaintiff on any other basis prohibited under applicable law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions to the extent they are available as a matter of law;

f.  The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendant for its willful, deliberate, malicious and outrageous conduct and to deter the Defendant or other employers from engaging in such misconduct in the future;

g.  The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.  The Plaintiff is to be awarded the costs and expenses of this action and attorneys fees as provided by applicable federal and state law;

i.  Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j.  The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

l.  Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**KOLMAN ELY, P.C.**

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: November 10, 2016